**Gustavo BUENO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73295.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2009.

Filed Oct. 22, 2009.

Inna Lipkin, Esquire, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Audrey Benison Hemesath, USSAC–Office of the U.S. Attorney, Sacramento, CA, Alison Marie Igoe, Esquire, Lyle Davis Jentzer, Esquire, OIL, Ethan B. Kanter, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER and BERZON, Circuit Judges, and STROM,* District Judge.

## MEMORANDUM **

Gustavo Bueno, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision upholding the Immigration Judge's ("IJ") decision that he was ineligible for cancellation of removal because he assisted in persecution. *See* 8 U.S.C. §§ 1229b(c)(5), 1231(b)(3)(B)(i).

Petitioner was a police officer who arrested suspected members of the Shining Path and placed them in cells for interrogation by intelligence agents. The issue is whether the BIA's finding that petitioner was personally involved and assisted in persecution was supported by substantial evidence.

The record supports the finding that petitioner had reason to expect that the individuals he arrested would be persecuted, as he personally was aware of wide-spread reports that there was physical harm to the arrestees and that deaths of arrestees occurred with regularity. There is no requirement that a person who assists in persecution must personally inflict harm, so long as the person's activities were part of a chain of conduct that resulted in persecution. *See Miranda Alvarado v. Gonzales,* 449 F.3d 915, 927–28 & n. 11 (9th Cir.2006). Moreover, in the circumstances of this case, there was no burden on the government to show that petitioner knew the particular persons he arrested had actually been persecuted. Rather, given the evidence in the record, it was sufficiently probable that one or more of the persons he arrested and detained was persecuted that the burden was on Bueno to prove that no such persecution occurred. Bueno did not meet that burden.

The petition for review is denied.

---

* The Honorable Lyle E. Strom, Senior U.S. District Judge for District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.